**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 22 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KLAMATH-SISKIYOU WILDLANDS CENTER; et al., | No. 19-15384 |
| Plaintiffs-Appellees, | D.C. No. 2:18-cv-02785-TLN-DMC |
| v. | |
| PATRICIA A. GRANTHAM; UNITED STATES FOREST SERVICE, | MEMORANDUM* |
| Defendants, | |
| and | |
| AMERICAN FOREST RESOURCE COUNCIL, | |
| Intervenor-Defendant-Appellant. | |

| | |
|---|---|
| KLAMATH-SISKIYOU WILDLANDS CENTER; et al., | No. 19-15597 |
| Plaintiffs-Appellees, | D.C. No. 2:18-cv-02785-TLN-DMC |
| v. | |
| PATRICIA A. GRANTHAM, Klamath National Forest Supervisor; UNITED | |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

STATES FOREST SERVICE,

                 Defendants-Appellants,

 and

AMERICAN FOREST RESOURCE
COUNCIL,

                 Intervenor-Defendant.

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Argued and Submitted October 21, 2019
Portland, Oregon

Before: FARRIS, BEA, and CHRISTEN, Circuit Judges.

This case comes to us on appeal from the district court's grant of a preliminary injunction against a United States Forest Service project in Klamath National Forest in California. The enjoined project was authorized by the Forest Service in September 2018. The project was designed to address hazardous conditions in the Forest and reduce the risk of future forest fires following the 2017 Abney Fire, which burned 90,000 acres in Northern California and Oregon, including 10,000 acres in Klamath National Forest. The district court enjoined aspects of the project that involve logging and removal of hazardous trees and those that are dead or dying. The district court later stayed its injunction pending

appeal. We find that the district court failed to consider all mandatory factors before issuing the injunction and that the court's stay order engaged in the correct analysis. Therefore, we reverse the order granting the preliminary injunction.

We review a district court's order granting or denying a preliminary injunction for an abuse of discretion. *Sw. Voter Registration Educ. Project v. Shelley*, 344 F.3d 914, 918 (9th Cir. 2003) (en banc) (per curiam). A district court's legal interpretations are reviewed de novo, *id.*, and factual findings for clear error, *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Additionally, "'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Alliance for the Wild Rockies*, 632 F.3d at 1135.

The district court's order granting the preliminary injunction found "serious questions" as to whether the project violated the National Forest Management Act and the National Environmental Policy Act. The district court also found that any

3

harm caused by the project would be irreparable. Without further analysis, the district court relied on these findings on the first two *Winter* factors to support its determination that the balance of equities favored the plaintiffs and that enjoining the project was in the public interest. This was an abuse of discretion and ignored *Winter*'s command that "courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction." 555 U.S. at 24 (quoting *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982)). The district court's error was compounded by its reliance on the "serious questions" test for an injunction, which requires "a balance of hardships that tips *sharply* towards the plaintiff." *Alliance for the Wild Rockies*, 632 F.3d at 1135 (emphasis added).

The district court fully considered the balance of equities and the public interest when it decided the defendants' stay request. Applying the same legal standard as used in granting the initial injunction, this time the district court arrived at the conclusion that these factors counseled against an injunction and stayed its prior order. This decision rested primarily on the fire prevention/mitigation benefits of the project that were in the public interest and were permanently threatened by the preliminary injunction. We agree with this conclusion.

Plaintiffs' assertion that the district court abused its discretion when staying the injunction by deferring to the Forest Service's view of the equities is incorrect.

4

Though the district court's stay order said the court "must defer to the Forest Service's determination that without a stay the harm will become truly irreparable," the court independently noted the public interest in protecting against catastrophic fires and then independently evaluated the evidence presented by the Forest Service that the injunction would threaten projects related to preventing and fighting catastrophic fires. This was not an abuse of discretion. Likewise, it was not clearly erroneous for the district court to credit the Forest Service's evidence that enjoining the challenged aspects of the project would threaten non-enjoined aspects as well. These claims by the Forest Service were not unsupported allegations or post hoc rationalizations. *See Or. Nat. Desert Ass'n v. BLM*, 625 F.3d 1092, 1120 (9th Cir. 2010). The Forest Service's decision notice approving the project clearly links the project's revenue-producing components to the other components that plaintiffs do not challenge.

In sum, we hold the district court abused its discretion when it issued the injunction in reliance on only the first two *Winter* factors. Giving proper consideration to all four factors, and paying "particular regard for the public consequences," *Winter*, 555 U.S. at 24, we agree with the analysis in the district court's stay order and find an injunction is not warranted.[1]

---

[1] We find the proper evaluation of all four *Winter* factors leads to the conclusion that the preliminary injunction was not warranted, even assuming the district

**REVERSED.**

---

court's analysis of the merits was correct. Therefore, we express no position on the merits of the plaintiffs' challenges to the project.